UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BENJAMIN P. FOREMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1278 (TSC) |
| | ) | |
| HARLEY G. LAPPIN, DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on review of Petitioner's *pro se* pleading ("Pet.") titled "CONSTITUTIONAL GREAT WRIT OF HABEAS CORPUS PURSUANT TO THE UNITED STATES CONSTITUTION, ART. 1, § 9, CL. 2." Petitioner is a federal prisoner serving a 300-month prison term imposed by the United States District Court for the Western District of Michigan on September 7, 2006, on his conviction of possession with intent to distribute cocaine and cocaine base and possession of a firearm in furtherance of drug trafficking. Pet. at 4. This is an enhanced sentence: based on Petitioner's prior criminal history, he is deemed a career offender who is subject to a longer sentence than otherwise would have been imposed under the United States Sentencing Guidelines. *See id.* at 3, 6; *see* Mem. of Law in Support of Issuance of Constitutional Writ of Habeas Corpus ("Pet. Mem.") at 14-16 (asserting that his "25-year sentence would have been 89-120 months lesser" had he not been designated a career offender).

The two offenses on which the enhanced sentence is based are "Assault With Intent to do Great Bodily Harm Less Than Murder" and "Delivery/Manufacture Cocaine Less Than 50 Grams." Pet., Ex. L at 9, 11. Petitioner contends that he is actually innocent of the latter offense

because the Michigan court "dismissed the Delivery conviction." Pet. at 3; *see id*. at 6. Petitioner argues, "there exist[s] no factual basis for [the] Career Offender enhancement," *id*. at 6, such that his federal sentence is invalid and his current custody is unlawful, *see id*. at 3-4, 8. He demands his immediate release from custody or, alternatively, an evidentiary hearing. *Id*. at 9.

If there were a remedy available to Petitioner, it would be by motion under 28 U.S.C. § 2255 addressed to the sentencing court. *See Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors occurring before or during sentencing); *Day v. Obama*, No. 1:15-CV-00671, 2015 WL 2122289, at *2 (D.D.C. May 1, 2015) (concluding that petitioner sentenced by the Eastern District of Virginia cannot pursue collateral attack on his sentence in the District of Columbia), *aff'd sub nom. Day v. Trump*, __ F.3d __, __, 2017 WL 2697981, at *4 (D.C. Cir. June 23, 2017).

Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the *sentence was in excess of the maximum authorized by law*, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). A federal district court may not entertain "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section . . . if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court has denied him relief*, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of

2

his detention." *Id*. § 2255(e) (emphasis added). Once a § 2255 motion has been adjudicated, any subsequent motion must be presented to the appropriate court of appeals for permission to proceed in the sentencing court. 28 U.S.C. § 2244(b)(3)(A).

Petitioner certainly was aware of the process by which to attack his federal conviction and sentence. *See* Pet. Mem. at 4-6. He already has sought, and has been denied, relief under § 2255, and the United States Court of Appeals for the Sixth Circuit has not authorized the Western District of Michigan to entertain a successive § 2255 motion.[1] "The § 2255 remedy is

---

[1] Petitioner has filed assorted post-conviction actions, none successful, to challenge his conviction and sentence:

> His journey began when he pleaded guilty in the Western District of Michigan to possession with intent to distribute cocaine base, possession with intent to distribute cocaine, and possessing a firearm in furtherance of a drug trafficking crime under a plea agreement. He was sentenced to concurrent prison terms totaling 240 months on the drug convictions and a consecutive term of 60 months for the firearm offense. His appeal to the Sixth Circuit was dismissed because his plea agreement contained a waiver of his appeal rights. *United States v. Foreman*, No. 06-2192 (6th Cir. Sept. 6, 2007).
>
> In 2008, the petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and that motion was denied by the district court. *Foreman v. United States*, No. 08-01115 (W.D. Mich. July 19, 2010). The Sixth Circuit denied a certificate of appealability. *Foreman v. United States*, No. 10-2415 (6th Cir. June 3, 2011).
>
> In 2010, the petitioner moved to withdraw his guilty plea on the firearm count. The trial court construed the motion as a second or successive motion to vacate and transferred the matter to the Sixth Circuit. *United States v. Foreman*, No. 06-00030 (W.D. Mich. Aug. 19, 2010). The petitioner appealed, but the Sixth Circuit dismissed his appeal for want of prosecution. *In re Foreman*, No. 10-2077 (6th Cir. Oct. 13, 2010).
>
> The petitioner also filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the trial court's decision denying his motion to vacate sentence, which was denied in part and transferred to the Sixth Circuit as a second or successive motion to vacate sentence. *Foreman v. United States*, No. 08-01115 (W.D. Mich. Oct. 18, 2010). The Sixth Circuit remanded the case for consideration of all of Petitioner's claims. *In re Foreman*, No. 10-2370 (6th Cir. Nov. 1, 2011). On remand, the trial court denied relief on the remaining claims. *Foreman v. United States*, No. 08-01115 (W.D. Mich. Aug. 14, 2012). The Sixth Circuit thereafter denied a certificate of appealability. *Foreman v. United States*, No. 12-2202 (6th Cir. March 13, 2013).
>
> The petitioner subsequently filed five more habeas petitions in federal court, all of which summarily were dismissed. *Foreman v. Terris*, No. 15-13764 (E.D. Mich. Oct. 29, 2015); *Foreman v. Terris*, No. 14-14925 (E.D. Mich. April 27, 2015); *Foreman v. Terris*, No. 14-13336 (E.D. Mich. Sept. 17, 2014); *Foreman v. Terris*, No. 13-12154 (E.D. Mich. July 12, 2013); *Foreman v. Terris*, No. 13-10734 (E.D. Mich. March 20, 2013). The Sixth Circuit also denied authorization for the petitioner to proceed on a second or successive motion to vacate sentence under § 2255. *In re Foreman*, No. 14-1478 (6th Cir. Oct. 27, 2014).

*Foreman v. Terris*, No. 16-13578, 2017 WL 67480, at *1-2 (E.D. Mich. Jan. 6, 2017), *appeal docketed*, No. 17-1326 (6th Cir. Mar. 27, 2017).

3

not inadequate or ineffective simply because § 2255 relief has already been denied, or because the [petitioner] has been denied permission to file a second or successive § 2255 motion." *Neal v. Gonzales*, 258 F. App'x 339, 340 (D.C. Cir. 2007) (per curiam) (citing *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases)).

Petitioner has stated no claim for relief in this court, and his petition for a writ of habeas corpus will be dismissed. A separate order accompanies this Memorandum Opinion.


DATE: July 13, 2017                    /s/
                                       TANYA S. CHUTKAN
                                       United States District Judge